Richard J. Mooney (CA State Bar No. 176486)
*richard.mooney@rimonlaw.com*
RIMON P.C.
One Embarcadero Center #400
San Francisco, CA 94111
Telephone: (415) 539-0443

Attorneys for Applicant Raphaël Darmon

FILED
JUL 13 2017
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Filed via Fax prepared by
Nor Cal Courier and Legal Services
298 Bush St. #4042 San Francisco, CA 94104
415-850-8808

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| *In re Ex Parte Application of* Raphaël Darmon, Applicant,<br><br>For an Order Pursuant to 28 U.S.C. § 1782 Granting Leave To Obtain Discovery from Automattic, Inc. for Use in Foreign Proceedings | CV 17 80 089 MISC<br>CASE NO. ________ DMR<br><br>Ex Parte Application for an Order Pursuant to 28 U.S.C. § 1782 Granting Leave To Obtain Discovery for Use in Foreign Proceedings; Brief in Support |
|---|---|

Applicant Raphaël Darmon hereby applies to the Court *ex parte* for an order pursuant to 28 U.S.C. § 1782 granting Mr. Darmon leave to obtain targeted discovery from Automattic Inc. ("Automattic") for use in foreign litigation. This application is supported by the argument set out below and the declarations filed concurrently. Also filed herewith is the proposed subpoena and a proposed order granting this application.[1]

## I. INTRODUCTION

Mr. Darmon is a French citizen living in Paris. He has filed a lawsuit in Israel, seeking to recover damages for invasions of his privacy, harassment, and defamation, including in particular for certain anonymous internet posts that are false and defamatory and constitute an illegal invasion of his privacy, and further to obtain injunctive relief requiring that the posts be removed and similar posts and any other form of contact from the defendant not be made in the future. Two of the posts were made using the WordPress application offered by Automattic, and Mr. Darmon has reason to believe that Automattic has information that can confirm the identity of the anonymous author or authors of those posts. Mr. Darmon obtained a judgment in the *Tribunal de Grande Instance de Paris* directing Automattic to provide that information with respect to one of the two posts, but Automattic has refused to comply with that judgment. Mr. Darmon therefore turns to this Court for assistance in obtaining the critical, and easily provided, evidence that he seeks.

## II. JURISDICTION AND INTRADISTRICT ASSIGNMENT

This Court has jurisdiction to hear this application pursuant to 28 U.S.C. § 1782, which provides that "[t]he district court of the district in which a person resides or is found may

---

[1] Courts routinely authorize *ex parte* filing of applications for discovery under 28 U.S.C. §1782. *See, e.g.*, *In re Ecuador*, 2010 U.S. Dist. Lexis 102158 *7 (N.D. Cal. 09/15/2010) ("[I]t is common for the process of presenting the request to a court and to obtain the order authorizing discovery to be conducted *ex parte*. Such *ex parte* applications are typically justified by the fact that the parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or not participate in it.") (citations/quotations omitted); *In re Matter & Applications of Action & Protection Foundation*, 2015 U.S. Dist. Lexis 54938 *6 (N.D. Cal. 04/27/2015) ("An *ex parte* application is an acceptable method for seeking discovery pursuant to § 1782.").

order him to give his testimony or statement or to produce a document or thing for use in a foreign or international tribunal . . . ." Automattic is headquartered within this District.

Pursuant to the Court's Local Rules, this action is properly assigned to either the San Francisco Division or the Oakland Division, since Automattic is located in San Francisco County. *See* LR 3-2(d).

## III. BACKGROUND

Applicant Raphael Darmon is a French citizen resident in Paris, France. *See* Declaration of Raphael Darmon filed herewith ("Darmon Decl.") ¶ 2. He is a senior associate in the Paris office of the highly-regarded international law firm Freshfields Bruckhaus Deringer, a position in which a reputation for integrity and honor is vitally important. *Id.*

Automattic Inc. ("Automattic") is a global company offering (among other things) web hosting and blogging services under the brand "WordPress", and is headquartered in San Francisco. *See* Declaration of Richard Mooney filed herewith ("Mooney Decl.") ¶ 2 & Exh. A.

Starting in 2012, an anonymous person or persons published a series of posts regarding Mr. Darmon (the "Wrongful Posts"). Among the Wrongful Posts were two posts to servers operated by Automattic (the "Automattic Posts") – one post located at the URL https://sh1tlawyerssay.wordpress.com/2012/09/06raphaeldarmon-com-abuse-and-identity-theft/ and one post located at the URL http://raphaeldarmon.wordpress.com. Darmon Decl. ¶ 3. The Wrongful Posts include multiple false and defamatory statements of an extremely personal nature, seriously damaging to Mr. Darmon's personal and professional reputations. *Id.*

In response to this campaign of privacy invasion, harassment, and defamation, Mr. Darmon filed an action for damages and injunctive relief in the Magistrate's Court in Tel Aviv, Israel (the "Israel Action", in the "Israel Court"), the country in which Mr. Darmon believes the author of the Post resides. Darmon Decl. ¶ 4; *see also* Declaration of Moshe Hibel filed herewith ("Hibel Decl.") ¶ 2. The Israel Court is a trial court of general jurisdiction in Israel, and conducts impartial adversarial proceedings similar to those in the courts of other advanced nations, offering all parties the right to be heard, the right to legal representation, the right to an impartial tribunal, and the right to appeal. *Id.* The Israel Court has ordered the Israel Action sealed, such that Mr. Darmon

and his counsel are not certain they are at liberty to provide the name of the Defendant or the case number. *Id.* ¶ 3. The Israel Action is currently scheduled for trial in November 2017. *Id.* ¶ 4. Under the rules governing the Israel Action, the Israel Court is permitted to accept otherwise admissible evidence notwithstanding the fact that it was obtained from a third party in a foreign country. *Id.* ¶ 5.

Also in response, Mr. Darmon contacted Automattic and requested that (1) the "sh1t lawyers say" post be removed, and (2) he be provided information sufficient to identify the author of the "sh1t lawyers say" post, who had used the pseudonym "t432zi", and the author of the "raphaeldarmon.wordpress.com" post. Darmon Decl. ¶ 5. Automattic refused the requests. *Id.* Mr. Darmon then filed suit against Automattic in the *Tribunal de Grande Instance de Paris* (the "French Action", pending in the "French Court"), alleging that the Automattic's public maintenance of the "sh1t lawyer say" post and Automattic's refusal to provide information regarding the author's identity violated his rights under Article 9 of the French Civil Code and Article 8 of the European Agreement for the Protection of Human Rights and Fundamental Freedoms. *Id.* ¶ 6. (At the time the French Action was filed, the "raphaeldarmon.wordpress.com" post was no longer publicly available on the Automattic server, so that it was not included in the French Action. *Id.*) On January 24, 2017, the French Court entered judgment against Automattic, ordering it to remove the post and provide Mr. Darmon with the requested information. *Id.* ¶ 7 & Exh. A (copy of the judgment in French, with an official translation into English). Despite the French Court's judgment, and despite that judgment's decree that Automattic would be required to pay Mr. Darmon € 2,000 for each day it refused to comply, Automattic continues to refuse to comply with the judgment. Mooney Decl. ¶ 3.

To be clear, Mr. Darmon in this application is not requesting that the French judgment be enforced, or that this Court order Automattic to remove the post. Mr. Darmon simply wants the evidence to which he is entitled pursuant to 28 U.S.C. § 1782. *See* Mooney Decl. ¶ 4 & Exh. B. That evidence is sought for use in the Israel Action, and it is very important to the Israel Action as it is some of the best evidence of who in fact authored the false, tortious, and damaging Wrongful Posts, particularly because the Defendant in the Israel action refuses to admit authoring them. Hibel Decl. ¶ 6.

## IV. ARGUMENT

### A. Legal Standard

Section 1782 provides in pertinent part:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made . . . upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.

28 U.S.C. § 1782(a). The statute thus provides three requirements, authorizing the district court to order discovery where "(1) the person from whom discovery is sought resides or is found in the district of the district court to which the application is made, (2) the discovery is for use in a proceeding before a foreign tribunal, and (3) the application is made by a foreign or international tribunal or any interested person." *In re Ecuador*, 2010 U.S. Dist. Lexis 102158 *4 (N.D. Cal. 09/15/2010) (citation/quotation omitted).[2]

If those three requirements are met, the Court may, but is not required to, authorize the discovery. The Supreme Court has enumerated several non-exclusive factors a District Court should consider in exercising its discretion whether to authorize the requested the discovery – *viz.*, (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) whether the request is "an attempt to circumvent foreign proof gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the requested discovery

---

[2] The discovery sought pursuant to section 1782 need not be discovery that would be available if the evidence were located in the country of the foreign or international tribunal. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 262-63 (2004).

is "unduly intrusive or burdensome". *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004).

**B. The Application Meets the Three Section 1782 Requirements**

Here, there can be no dispute that Mr. Darmon's application meets the three requirements.

*First*, Automattic is "a person [that] resides or is found in" this District as it is headquartered in San Francisco. A corporation is a "person" within the meaning of the statute, and the District in which it has its headquarters is a District in which it "resides or is found". *See, e.g.*, *Intel*, 542 U.S. at 251 n.5.

*Second*, the discovery is sought for use in a "proceeding before a foreign tribunal". Mr. Darmon seeks to use the discovery to prove that the Defendant in the Israeli action is indeed the author of the Post, in a trial court of general jurisdiction in Israel. The trial courts of general jurisdiction in a foreign country are "foreign tribunals" within the meaning of the statute. *See Intel*, 542 U.S. at 258 (the term tribunal "includes investigating magistrates, administrative and arbitral tribunals, and quasi-judicial agencies, as well as conventional civil, commercial, criminal, and administrative courts"); *see also In re RSM Production Corp.*, 195 F. Supp. 3d 899 (S.D. Tex. 2016) (granting section 1782 application for discovery to be used in the Tel Aviv District Court in Israel).

*Third*, Mr. Darmon, as the plaintiff in the foreign proceeding, is without question "interested". *See Intel*, 542 U.S. at 256 ("No doubt litigants are included among . . . the interested persons who may invoke § 1782"); *In re Global Energy Horizons Corp.*, 2015 U.S. Dist. Lexis 37138 *4 (N.D. Cal. 03/24/2015) ("GEHC qualifies as an interested person because it is a party to the foreign proceeding.").

**C. The Application Is Properly Granted**

Since the application without question *may* be granted, we turn next to the question of whether it *should* be granted. As the Ninth Circuit held even before the Supreme Court's expansive *Intel* decision, applications meeting the requirements of section 1782 are to be considered liberally when determining whether to exercise discretion to permit discovery. *Advanced Micro Devices, Inc. v. Intel Corp.*, 292 F.3d 664, 669 (9th Cir. 2002) ("allowing liberal discovery seems entirely

consistent with the twin aims of section 1782", which are "providing efficient assistance to participants in international litigation and encouraging foreign countries by example to provide similar assistance to our courts"), *aff'd* 542 U.S. 241 (2004). Here, in addition to the general presumption in favor of granting applications, each of the four considerations enumerated by the Supreme Court in *Intel* favor granting Mr. Darmon's request.

*First*, Automattic is not, and there is no prospect that it will become, a party to the litigation in Israel. *See* Hibel Decl. ¶ 7. As such, a section 1782 application is the only method of obtaining evidence from Automattic for use in the foreign proceeding, and this factor supports granting the application. *See Intel*, 542 U.S. at 264; *In re Giorgio Armani S.P.A.*, 2017 U.S. Dist. Lexis 83512 *4 (N.D. Cal. 5/31/2017) ("Google is not a participant in the foreign proceeding, which weighs in favor of permitting the discovery.").

*Second*, the nature of the foreign tribunal is essentially similar to a federal a State trial court of general jurisdiction and the proceeding underway abroad is essentially similar to defamation or invasion of privacy claim that would be brought in a federal or State court, meaning this "foreign proceeding" is in the heartland of those proceedings for which Congress authorized assistance. And although the Israeli court is itself without power to order discovery from Automattic, there is no reason to believe that it would not be receptive to reliable and probative evidence obtained pursuant to section 1782. Hibel Decl. ¶ 5; *cf. Intel*, 542 U.S. at 261-62 (noting English ruling that non-discoverability of certain evidence under English law did not hamper receipt of that evidence when obtained under section 1782); *cf. In re RSM Production Corp.*, 195 F. Supp. 3d at 905 ("The parties do not dispute that Israeli courts are generally receptive to § 1782 evidence. This factor weighs in favor of discovery.").

*Third*, the application is not an effort to circumvent foreign proof gathering restrictions or another policy of Israel or the United States. Targeted discovery directed toward third parties is permitted in Isreali litigation, *see* Hibel Decl. ¶ 5, and of course in U.S. litigation. The only reason the application is being made here is because Automattic is located here, it is not subject to jurisdiction in Israel, and it refuses to comply with the French judgment.

*Fourth*, the discovery sought is not unduly burdensome. Quite the contrary, as Mr. Darmon seeks only authorship and related information for the Post and the testimony necessary to authenticate that information so that it will be admissible in the Israeli proceedings. Indeed, the information sought is virtually identical to the information sought from Automattic in a recent application granted by this court in April. *See In re Letter Rogatory – Request for International Judicial Assistance from the Harju Country Count in Estonia*, 2017 U.S. Dist. Lexis 62115 *10 (fourth factor favored application where "Petitioner requests specific private user information from Automattic in order to establish the proper parties to name as defendants in the Estonia Court proceeding."); *see also id.* (granting application on an *ex parte* basis since "[i]f Automattic seeks to challenge Petitioner's subpoena, the Court's ruling does not preclude it from bringing a motion to quash or modify").

**V. CONCLUSION**

For all the preceding reasons, Applicant Raphael Darmon respectfully requests that the Court grant the application and permit the limited discovery sought from Automattic.

Dated: July 12, 2017

Rimon P.C.

By: ____________________________
Richard Mooney
Attorneys for Applicant Raphaël Darmon