Richard J. Mooney (CA State Bar No. 176486)
richard.mooney@rimonlaw.com
RIMON P.C.
One Embarcadero Center #400
San Francisco, CA 94111
Telephone: (415) 539-0443

Attorneys for Applicant Raphaël Darmon

FILED

JUL 13 2017

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CV 17 80 089 MISC DMR

*In re Ex Parte Application of* Raphaël Darmon,

Applicant,

For an Order Pursuant to 28 U.S.C. § 1782 Granting Leave To Obtain Discovery from Automattic, Inc. for Use in Foreign Proceedings

CASE NO. _____

Declaration of Raphaël Darmon in Support of Ex Parte Application for an Order Pursuant to 28 U.S.C. § 1782 Granting Leave To Obtain Discovery for Use in Foreign Proceedings

I, Raphaël Darmon, declare as follows:

1. I am the applicant in this action. I read and write English fluently and fully understand this Declaration. I make this Declaration based on personal knowledge, and if called as a witness I could and would testify competently to the following facts.

2. I am a citizen of France and live in Paris, France. I am an attorney authorized to practice law in France, and I am a senior associate (working from the Paris office) of the highly-regarded international law firm Freshfields Bruckhaus Deringer, headquartered in London. In that position, my reputation for integrity and honor is vitally important.

3. Starting in 2012, an anonymous person or persons published a series of posts regarding me, which I call the "Wrongful Posts". Included among the Wrongful Posts were two posts to servers operated by Automattic, which I call the "Automattic Posts" – one located at the URL https://sh1tlawyerssay.wordpress.com/2012/09/06raphaeldarmon-com-abuse-and-identity-theft/ and one located at the URL http://raphaeldarmon.wordpress.com. The Wrongful Posts include multiple false and defamatory statements of an extremely personal nature, which have seriously damaged my personal and professional reputation.

4. The person that I suspect, but have not yet proven, is the author of the Post is a citizen and resident of Israel, which is why I filed a lawsuit related to the Post in Israel. Out of an abundance of caution to ensure compliance with the Israel Court's sealing order, I am not in this application disclosing the name of the person I believe to be the author.

5. In addition to filing the Israel Action, I contacted Automattic to request that the "sh1t lawyers say" post be removed and that Automattic provide information to identify the author of that post, who used the pseudonym "t432zi", and the author of the "raphaeldarmon.wordpress.com" post. Automattic denied my requests.

1

Darmon Decl. ISO Application Pursuant to 28 U.S.C. § 1982
In re Application of Raphaël Darmon (Case No. _____)

6. I then sued Automattic in the *Tribunal de Grande Instance de Paris*, which is a court of general jurisdiction located in Paris, France. My suit alleged that Automattic's refusal of my requests related to the "shIt lawyers say" post violated Article 9 of the French Civil Code and Article 8 of the European Agreement for the Protection of Human Rights and Fundamental Freedoms (which is in effect in all European nations save Belarus). When I filed the action, the "raphaeldarmon.wordpress.com" post was no longer publicly available on the Automattic server, so I did not include it in the lawsuit.

7. On January 24, 2017 the *Tribunal* entered judgment against Automattic, ordering them to remove the Post and provide me with the information requested. A true and correct copy of the ruling, in the original French and with an English translation made by a qualified interpreter associated with the *Tribunal* is attached hereto as Exhibit A. Automattic has not complied with the *Tribunal*'s directive.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on July 12, 2017, in Paris, France.

Raphaël Darmon

# Exhibit A



**Didier & Xavier AVALLE**
Huissiers de Justice
**ASSOCIÉS**

10, rue du Chevalier
de Saint-George
75001 PARIS

Tel : 01.42.60.12.21
Fax : 01.49.27.93.17

Horaires d'ouverture :
de 9h à 11h
de 14h à 16h

Paiement en ligne
sur notre site internet :
www.avahuis.fr

*A LIRE AVANT TOUT REGLEMENT*

*Tout règlement effectué en notre Etude doit l'être par un moyen de paiement à l'ordre de la SCP AVALLE comportant les références ci-dessous.*

**ACTE D'HUISSIER DE JUSTICE**

ORIGINAL

REFERENCES A RAPPELER
MD:51205

| COUT DE L'ACTE | |
|---|---|
| Emol. | 51,48 |
| SCT | 7,67 |
| H.T. | 59,15 |
| Tva 20% | 11,83 |
| Taxe | 14,89 |
| Timbres | 1,26 |
| T.T.C | 87,13 |

---

# SIGNIFICATION D'UNE ORDONNANCE
(Appel)

L'AN DEUX MILLE DIX SEPT ET LE VINGT ET UN AVRIL

Xavier AVALLE, Huissier de Justice associé de la SCP Didier AVALLE et Xavier AVALLE, 10 rue du Chevalier de Saint-George, 75001 PARIS, soussigné

**À LA DEMANDE DE :**

**Monsieur DARMON Raphaël** domicilié 67 rue Notre Dame des Champs 75006 PARIS

Elisant domicile en mon Etude

**À :**

**Société AUTOMATTIC INC**
132, Hawthorne Street
CA 94107 - SAN FRANCISCO
ETATS UNIS D'AMERIQUE

Pour qui la copie du présent a été remise comme indiqué au Procès Verbal de Signification ci après annexé.

**JE VOUS SIGNIFIE ET VOUS REMETS COPIE :**

D'une ordonnance de référé réputée contradictoire en premier ressort rendue par Monsieur le Président DU TRIBUNAL DE GRANDE INSTANCE DE PARIS le 24 janvier 2017

**TRÈS IMPORTANT**

Vous pouvez faire APPEL de cette ordonnance devant la Cour d'Appel de PARIS dans un délai de **QUINZE JOURS** à compter de la remise de l'acte au destinataire.

Si vous entendez exercer ce recours, vous devez charger un Avocat près cette Cour d'Appel d'effectuer les formalités nécessaires avant l'expiration de ce délai qui est de rigueur.

Article 643 du Code de Procédure Civile :
*Lorsque la demande est portée devant une juridiction qui a son siège en France métropolitaine, les délais de comparution, d'appel, d'opposition, de recours en révision et de pourvoi en cassation sont augmentés d'UN MOIS pour les personnes qui demeurent en Guadeloupe, en Guyane, à la Martinique, à La Réunion, à Mayotte, à Saint-Barthélemy, à Saint-Martin, à Saint-Pierre-et-Miquelon, en Polynésie française, dans les îles Wallis et Futuna, en Nouvelle-Calédonie et dans les Terres australes et antarctiques françaises ; de DEUX MOIS pour celles qui demeurent à l'étranger.*

Article 644 du Code de Procédure Civile :
*Lorsque la demande est portée devant une juridiction qui a son siège en Guadeloupe, en Guyane, à la Martinique, à la Réunion, à Mayotte, à Saint-Barthélemy, à Saint-Martin, à Saint Pierre et Miquelon et dans les îles Wallis et Futuna, les délais de comparution, d'appel, d'opposition, de recours en révision sont augmentés d'UN MOIS pour les personnes qui ne demeurent pas dans la collectivité territoriale dans le ressort de laquelle la juridiction a son siège et **de DEUX MOIS** pour celles qui demeurent à l'étranger.*

Je vous rappelle que, conformément à l'article 680 du Code de Procédure Civile, l'auteur d'un recours abusif ou dilatoire peut être condamné à une amende civile et au paiement d'une indemnité à l'autre partie.

MD:51205                                                                                                           Acte : 109255

Exhibit A

15

TRIBUNAL
DE GRANDE
INSTANCE
DE PARIS

ORDONNANCE DE RÉFÉRÉ
rendue le 24 janvier 2017

N° RG :
17/50725

N° : 1/MP

par **Marc PINTURAULT, Juge** au Tribunal de Grande Instance de Paris, agissant par délégation du Président du Tribunal,

Assignation du :
21 Septembre 2016

Assisté de **Myriam POZZI, faisant fonction de Greffier.**

**DEMANDEUR**

**Monsieur Raphaël DARMON**
67 rue Notre Dame des Champs
75006 PARIS

représenté par Me Ariel GOLDMANN, avocat au barreau de PARIS - #A0266

**DÉFENDERESSE**

**Société de droit américain AUTOMATTIC INC**
132, Hawthorne Street
CA 94107
SAN FRANCISCO - États-Unis

non comparante

**DÉBATS**

A l'audience du **09 Décembre 2016**, tenue publiquement, présidée par **Marc PINTURAULT, Juge**, assisté de **Christine-Marie CHOLLET, Greffier,**

Copies exécutoires
délivrées le:

Page 1

Nous, Président,
Après avoir entendu les parties comparantes ou leur conseil,

Vu l'assignation délivrée le 7 octobre 2016 à la société AUTOMATTIC INC. (ci-après désignée « société AUTOMATTIC »), société de droit américain, à la requête de Raphaël DARMON qui nous demande, sur le fondement de l'article 9 du code civil ainsi que des articles 808 et suivants du code de procédure civile :

- de condamner la société AUTOMATTIC à supprimer purement et simplement la page « https://sh1tlawyerssay.wordpress.com/2012/09/06/raphael darmon-com-abuse-and-identity-theft/» ainsi que toute autre publication relative à sa personne sur le site internet ou blog « sh1tlawyerssay.wordpress.com » sous astreinte de 1 000 € par jour de retard et par infraction constatée à compter du prononcé de l'ordonnance à intervenir et sur minute,

- de condamner la société AUTOMATTIC à lui communiquer l'identité réelle et les coordonnées de la personne mettant en ligne par son intermédiaire des publications sous le pseudonyme « t432zi » sous astreinte de 1 000 € par jour de retard et par infraction constatée à compter du prononcé de l'ordonnance à intervenir,

- de condamner la société AUTOMATTIC à lui verser la somme de 1 500 € sur le fondement de l'article 700 du code de procédure civile ainsi qu'aux entiers dépens.

Après avoir entendu le requérant et son conseil à l'audience du 09 décembre 2016 et les avoir avisés de ce que la décision à intervenir serait prononcée par mise à disposition au greffe le 19 janvier 2017, prorogée au 24 janvier 2017,

La société défenderesse, bien que régulièrement citée, n'ayant pas comparu à cette audience et ne s'y étant pas fait représenter, en sorte qu'il sera statué par ordonnance réputée contradictoire conformément aux dispositions de l'article 474 du code de procédure civile,

**MOTIFS DE LA DECISION :**

*Sur l'atteinte :*

Conformément à l'article 9 du code civil et à l'article 8 de la Convention européenne de sauvegarde des droits de l'Homme et des libertés fondamentales, toute personne, quelle que soit sa notoriété, a droit au respect de sa vie privée et est fondée à en obtenir la protection en fixant elle-même ce qui peut être divulgué par voie de presse.

En l'espèce, au soutien de sa demande, Raphaël DARMON expose avoir eu une relation sentimentale avec une personne rencontrée lors d'un séjour en Israël et qu'après leur rupture pendant l'été 2011, celle-ci s'est répandue sur internet à son sujet, de manière harcelante.

Page 2

Il verse à la procédure un procès-verbal de constat d'huissier authentifiant le contenu d'une page accessible à l'adresse URL rappelée ci-dessus, intitulé « *Sh1t Lawyers Say* » (traduit en Français par « *La merde que disent les avocats* ») et comportant, sous l'intitulé « *Threatening letters from lawyers* » (traduit en Français par « *Lettres de menaces d'avocats* ») la reproduction d'une lettre, expédiée par l'avocat israélien de Raphaël DARMON, qui demande au destinataire, rendu anonyme par rature, de supprimer sur internet des contenus malveillants à l'égard de son client, nommément cité, qui auraient été diffusés par l'ancienne compagne de celui-ci – contre laquelle ce dernier a entamé des procédures judiciaires en Israël – sur un site internet créé au nom de Raphaël DARMON (« www.raphaeldarmon.com »).

Il n'est pas sérieusement contestable que la mise en ligne de cette lettre constitue une atteinte à la vie privée du demandeur en ce qu'elle divulgue au public, sans son accord, des informations confidentielles et, même, une atteinte à son intimité en ce qu'elle évoque sa rupture sentimentale et l'objet d'un différend qui l'oppose à son ancienne compagne.

En l'absence de tout motif légitime d'information du public, la diffusion publique de ce document sur internet est donc constitutive d'une atteinte au respect dû à la vie privée du requérant.

*Sur les mesures demandées :*

En application du premier alinéa de l'article 809 du code de procédure civile, le président peut toujours, même en présence d'une contestation sérieuse, prescrire en référé les mesures conservatoires ou de remise en état qui s'imposent, soit pour prévenir un dommage imminent, soit pour faire cesser un trouble manifestement illicite.

Aux termes de l'article 6-I de la loi n° 2004-575 du 21 juin 2004 dite « Loi pour la confiance en l'économie numérique » (ci-après « LCEN »), points 2 et 3, les personnes physiques ou morales qui assurent, même à titre gratuit, pour mise à disposition du public par des services de communication au public en ligne, le stockage de signaux, d'écrits, d'images, de sons ou de messages de toute nature fournis par des destinataires de ces services ne peuvent pas voir leur responsabilité civile ou pénale engagée du fait des activités ou des informations stockées à la demande d'un destinataire de ces services si elles n'avaient pas effectivement connaissance de leur caractère illicite ou de faits et circonstances faisant apparaître ce caractère ou si, dès le moment où elles en ont eu cette connaissance, elles ont agi promptement pour retirer ces données ou en rendre l'accès impossible.

En outre, l'article 6-I de cette même loi, point 8, dispose que l'autorité judiciaire peut prescrire en référé ou sur requête, à toute personne mentionnée au 2, toutes mesures propres à prévenir un dommage ou à faire cesser un dommage occasionné par le contenu d'un service de communication au public en ligne.

En l'espèce, Raphaël DARMON justifie avoir – d'abord par mails expédiés à partir du 12 août 2016 en invoquant la divulgation d'informations privées et confidentielles le concernant, puis par mise en demeure en date du 24 août 2016 en invoquant la violation du secret couvrant des procédures judiciaires conduites « *à huis clos* » – demandé à la société AUTOMATTIC de communiquer l'identité réelle et les coordonnées de l'auteur de la mise en ligne litigieuse et de supprimer purement et simplement la page en cause.

La société AUTOMATTIC a refusé cette requête de manière réitérée, faisant valoir soit qu'elle entendait ne déférer qu'aux injonctions émises par une juridiction des États-Unis, soit que les informations en cause ne revêtaient pas de caractère confidentiel, soit qu'il appartenait au demandeur de contacter directement l'auteur de la mise en ligne litigieuse en publiant lui-même un commentaire sur la page concernée, soit qu'il n'était pas assez précis quant à la notion de d'information privée utilisée de manière inappropriée, l'invitant à se référer à une notice sur ce qu'elle-même considérait comme des informations à caractère privé.

Ainsi, dès lors, d'une part, que Raphaël DARMON justifie avoir, toujours en vain, préalablement requis la société défenderesse en l'informant des motifs qui rendent illicite la publication en cause et, d'autre part, que le contenu litigieux revêt effectivement, pour les motifs exposés ci-avant, un caractère manifestement illicite, le demandeur est à la fois recevable et bien fondé en sa demande de retrait pour qu'il soit mis fin au trouble résultant pour lui de la publication querellée.

Il sera donc fait droit à sa demande de suppression du contenu accessible à la page URL en cause.

En outre, et conformément aux dispositions de l'article 6-II de la LCEN, qui dispose que l'autorité judiciaire peut requérir de l'hébergeur communication des données permettant l'identification de quiconque a contribué à la création du contenu dont il est prestataire, il conviendra de faire également droit à la demande tendant à obtenir les données de nature à permettre l'identification de la personne agissant sur le site « wordpress.com » sous le pseudonyme « t4d32zi », à l'origine de la publication litigieuse.

Toutefois, pour le surplus, outre le fait que le requérant se borne à solliciter la suppression de « *toute autre information relative à sa personne sur* [ce] *blog* », sans préciser sur quel contenu précis porte cette demande, de sorte que celle-ci n'est pas assez déterminée, force est de constater qu'il n'a adressé de requête préalable à la société AUTOMATTIC qu'en ce qui concerne spécifiquement le contenu accessible à l'adresse « https://sh1tlawyerssay.wordpress.com/2012/09/06/raphaeldarmon-com-abuse-and-identity-theft/», en sorte qu'aux termes des dispositions de l'article 6-I de la LCEN, il n'est recevable à engager la responsabilité civile de la défenderesse qu'en ce qui concerne ce seul contenu et qu'il conviendra de rejeter tout autre demande.

*Sur les demandes accessoires :*

Les circonstances justifient que chaque mesure ordonnée soit assortie d'une astreinte, à hauteur du montant requis de 1 000 € par

Page 4

jour de retard et dans le délai de quinze jours à compter de la signification de la présente ordonnance.

Il serait enfin inéquitable de laisser à la charge de Raphaël DARMON la charge des frais irrépétibles qu'il a dû exposer pour assurer la défense de ses intérêts, en sorte que la société AUTOMATTIC sera condamnée à lui payer la somme de 2 500 € en application des dispositions de l'article 700 du code de procédure civile, outre les entiers dépens.

## PAR CES MOTIFS

Statuant publiquement et en premier ressort par ordonnance réputée contradictoire mise à disposition au greffe au jour du délibéré,

**CONDAMNONS** la société AUTOMATTIC INC. à supprimer en totalité le contenu mis en ligne sur la page accessible à l'adresse « **https://sh1tlawyerssay.wordpress.com/2012/09/06/raphaeldarmon-com-abuse-and-identity-theft/** », ce dans les quinze jours qui suivront la signification de la présente ordonnance et sous astreinte de 1 000 € par jour de retard passé ce délai.

**CONDAMNONS** la société AUTOMATTIC INC. à communiquer à Raphaël DARMON toutes les données de nature à permettre l'identification de la ou des personne(s) agissant sur le blog « sh1tlawyerssay.wordpress.com » sous le pseudonyme « **t4d32zi** », ce dans les quinze jours qui suivront la signification de la présente ordonnance et sous astreinte de 1 000 € par jour de retard passé ce délai.

**CONDAMNONS** la société AUTOMATTIC INC. à payer à Raphaël DARMON la somme de deux mille cinq cents euros (2 500 €) en application des dispositions de l'article 700 du code de procédure civile.

**CONDAMNONS** la société AUTOMATTIC INC. aux entiers dépens.

**REJETONS** le surplus des demandes.

**RAPPELONS** que la présente ordonnance est de plein droit exécutoire par provision, nonobstant appel.

Fait à Paris le **24 janvier 2017**

Le Greffier,

Myriam POZZI

Le Président,

Marc PINTURAULT

N° RG : 17/50725

EXPÉDITION exécutoire dans l'affaire :

Demandeur : M. Raphael DARMON

contre

Défenderesse : Société DE DROIT AMERICAIN AUTOMATTIC INC

EN CONSÉQUENCE, LA RÉPUBLIQUE FRANÇAISE mande et ordonne :

A tous les huissiers de justice, sur ce requis, de mettre ladite décision à exécution,

Aux Procureurs Généraux et aux Procureurs de la République près les Tribunaux de Grande Instance d'y tenir la main,

A tous commandants et officiers de la force publique de prêter main-forte lorsqu'ils en seront légalement requis.

En foi de quoi la présente a été signée et délivrée par nous Greffier en Chef soussigné au Greffe du Tribunal de Grande Instance de Paris

p/Le Greffier en Chef

6 ème page et dernière

# THE REGIONAL COURT IN PARIS

# INTERIM ORDER
## pronounced on January 24, 2017

Register No:
**17/50725**

No: 1/MP

Summons dated:
21 September 2016

by **Marc PINTURAULT, Judge** at the Regional Court (Tribunal de Grande Instance) in Paris, acting by delegation of the President of the Court,

Assisted by **Myriam POZZI, acting as Registrar.**

### APPLICANT

**Mr. Raphaël DARMON**
67 rue Notre Dame des Champs
75006 PARIS

represented by Maître Ariel GOLDMANN, a lawyer at the Bar in PARIS - #A0266

### DEFENDANT

**A Company governed by American Law AUTOMATTIC INC**
132, Hawthome Street
CA 94107

SAN FRANCISCO – The United States

not appearing

### PROCEEDINGS

At the hearing held on **December 9, 2016** in public, presided over by **Marc PINTURAULT, Judge**, assisted by **Christine-Marie CHOLLET, Registrar,**

**Execution copies issued on:**

Page 1

I, the President,
After having heard the parties appearing or their legal advisor,

Given the summons served on October 7, 2016 on the company AUTOMATTIC INC. (hereinafter "the company AUTOMATTIC"), a company governed by American Law, on the application of Raphaël DARMON who requests on the basis of Article 9 of the French Civil Code and of Articles 808 *et seq* of the French Code of Civil Procedure:

- to order the company AUTOMATTIC to delete purely and simply the page:
"https://sh1tlawyerssay.wordpress.com/2012/09/06/raphaeldarmon-com-abuse-and-identity-theft/"
as well as any other publication relating to him on the internet site or the blog "sh1tlawyerssay.wordpress.com" under a penalty payment of €1,000 a day for late performance and for any infringement observed as from the pronouncement of the pending order and enforceable immediately,

- to order the company AUTOMATTIC to communicate to him the real identity and the details of the person putting publications on line through its intermediary under the pseudonym "t432zi" under a penalty payment of €1,000 a day for late performance and for any infringement observed as from the pronouncement of the pending order,

- to order the company AUTOMATTIC to pay him the sum of €1,500 on the basis of Article 700 of the French Code of Civil Procedure as well as all the costs.

After having heard the applicant and his Lawyer at the hearing held on December 9, 2016 and after having notified them that the pending decision would be pronounced by the filing and availability at the Court Registry on January 19, 2017, extended to January 24, 2017,

As the defending company, although it was duly summoned, did not appear at this hearing and was not represented, it shall be ruled therefore by an order deemed to be *inter partes* in accordance with the provisions of Article 474 of the French Code of Civil Procedure,

**GROUNDS FOR THE DECISION:**

*Concerning the penalty payment:*

In accordance with Article 9 of the French Civil Code and Article 8 of the European Agreement for the Protection of Human Rights and Fundamental Freedoms, any person, whatever their renown, has the right to the respect of their private life and is well-founded to obtain the protection of the same by fixing themselves what can be disclosed in the press.

In the case in point, in support of his application, Raphaël DARMON states that he had a romantic relationship with a person met during a stay Israel and that after they split up in the summer of 2011, the said person talked about him on the internet in a harassing way.

**Page 2**

He brings before the proceedings an official Process Server's report authenticating the contents of a page to be found on the aforementioned URL address, intitled *"Sh1t Lawyers Say"* (translated into French by « *La merde que disent les avocats* ») and containing, under the heading *"Threatening letters from lawyers"* (translated into French by « *Lettres de menaces d'avocats* ») the reproduction of a letter, sent by Raphaël DARMON's Israeli Lawyer, who asks the recipient, rendered anonymous by the crossing out of the name, to delete the malicious content on the internet concerning his client, whose name is given, which is stated to have been spread by his client's former partner – against whom his client has instituted legal proceedings in Israel - on an Internet site created in the name of Raphaël DARMON ("www.raphaeldarmon.com").

It really cannot be seriously disputed that the publishing online of the said letter is a violation of the applicant's privacy in that it discloses in public, without his agreement, confidential information and, even, a violation of his intimacy in that it evokes the end of his romantic relationship and the subject of a dispute which opposes him and his former partner.

In the absence of any legitimate motive for informing the public, the public disclosure of this document on the internet therefore constitutes a violation of the respect due to the applicant's private life.

*Concerning the measures requested:*

In accordance with the first subsection of Article 809 of the French Code of Civil Procedure, the President can always, even in the case of a serious dispute, order the protective or preparatory measures in summary proceedings necessary either to prevent imminent injury, or to stop any clearly illicit disturbance.

In the terms of Article 6-1 of Law No. 2004-575 of June 21, 2004 known as "The Law for Confidence in Digital Economy" (hereinafter « LCEN »), points 2 and 3, individuals or legal entities who ensure, even free of charge, for provision to the public by online public communication services, the storage of signals, texts, images, sounds or messages of any kind supplied by consignees of these services cannot be held civilly or criminally liable for activities or information stored on the request of a consignee of these services if they were not effectively aware of their illicit nature or of facts and circumstances revealing this nature or if, as soon as they became aware of it, they immediately did what was necessary to remove this data or to render access to it impossible.

Furthermore, Article 6-1 of the same Law, point 8, lays down that judicial authorities can order in summary proceedings or on application, for any person mentioned in 2, all measures necessary to prevent injury or to stop any injury caused by the contents of an online public communication service.

Page 3

In the case in point, Raphaël DARMON justifies having – first of all by emails sent as from August 12, 2016 invoking the disclosure of private, confidential information concerning him, then by formal notification dated August 24, 2016 invoking the violation of secrecy covering legal proceedings conducted *"in camera"* – requested the company AUTOMATTIC to communicate the true identity and details of the author of the contentious online publication and to delete purely and simply the page in question.

The company AUTOMATTIC refused to carry out this request on several occasions, stating either that it only meant to comply with the orders coming from a jurisdiction in the United States, or that the information in question was not of a confidential nature, or that it was for the defendant to contact the author of the contentious online publication directly by publishing a comment on the page in question himself, or that he was not precise enough about the notion of private information used inappropriately and inviting him to refer to a user's guide concerning what the company itself considered to be information of a private nature.

So, therefore, on the one hand, as Raphaël DARMON justifies having, always in vain, previously requested the defending company informing it of the reasons which render the said publication illicit and, on the other hand, as the contentious contents really are, for the reasons given above, of an illicit nature, the applicant's request for deletion, so that the disturbance caused for him by the contested publication be brought to an end, is both admissible and well-founded.

His application to delete the contents accessible on the URL page in question shall therefore be granted.

Furthermore, the application to obtain the data of a nature to enable the identification of the person acting on the site "wordpress.com" under the pseudonym "t4d32zi", at the origin of the contentious publication, must also be granted in accordance with the provisions of Article 6-II of the LCEN, which lays down that the judicial authorities can demand the web host to communicate the data enabling the identification of whoever contributed to the creation of contents of which it is the service provider.

However, for the rest, apart from the fact that the applicant merely requests the deletion of *"any other information relating to himself on the said blog"*, without specifying what contents in particular this request concerns, so that the request is not specific enough, it must be noted that he only addressed a prior request to the company AUTOMATTIC specifically concerning the contents accessible at the address
"https://sh1tlawyerssay.wordpress.com/2012/09/06/raphaeldarmon-com-abuse-and-identity-theft/",
so that in the terms of the provisions of Article 6-1 of the LCEN, as regards the civil liability of the defendant his request is only admissible for these contents and these contents alone and any other application must be dismissed.

*Concerning the ancillary applications:*

The circumstances justify that each measure ordered be accompanied by a penalty payment amounting to the sum of €1,000

Page 4

a day demanded for each day of late performance after a deadline of fifteen days as from the service of this order.

Finally it would not be fair to let Raphaël DARMON bear the irrecoverable costs he had to pay to ensure the defense of his interests, so the company AUTOMATTIC shall be ordered to pay him €2,500 in accordance with the provisions of Article 700 of the French Code of Civil Procedure, as well as all the costs.

## ON THESE GROUNDS

Ruling in public in the first instance by an order deemed to be *inter partes* filed and made available at the registry on the day of the deliberation.

**ORDER** the company AUTOMATTIC INC. to delete all the contents put online on the page accessible at the address "https://sh1tlawyerssay.wordpress.com/2012/09/06/raphaeldarmon-com-abuse-and-identity-theft/", and this within the fifteen days which follow the service of this order and subject to a penalty payment of €1,000 a day for each day of late performance after this deadline.

**ORDER** the company AUTOMATTIC INC. to communicate to Raphaël DARMON all the data of a nature to enable the identification of the person/people acting on the blog "sh1tlawyerssay.wordpress.com" under the pseudonym "t4d32zi", and this within the fifteen days following the service of this order and subject to a penalty payment of €1,000 a day for each day of late performance after this deadline.

**ORDER** the company AUTOMATTIC INC. to pay Raphaël DARMON the sum of two thousand five hundred euros (€2,500) in accordance with the provisions of Article 700 of the French Code of Civil Procedure.

**ORDER** the company AUTOMATTIC INC. to pay all the costs.

**DISMISS** the other applications.

**SPECIFY** that this order is immediately enforceable, notwithstanding appeal.

Drawn up in Paris on **January 24, 2017**

The Registrar,

*[Signature]*

Myriam POZZI

The President,

*[Signature]*

Marc PINTURAULT

Page 5

I, the undersigned, *Jane Hentgès, (née Parsons)*, a sworn translator at the Court of Appeal in Pau (France) hereby certify that this is a certified translation of the original document in French number *ne varietur* 17309

At Mirepeix on 13/03/17

(1 page)



**Didier & Xavier AVALLE**
Huissiers de Justice
ASSOCIÉS

10, rue du Chevalier
de Saint-George
75001 PARIS

Tel : 01.42.60.12.21
Fax : 01.49.27.93.17

Horaires d'ouverture :
de 9h à 11h
de 14h à 16h

Paiement en ligne
sur notre site internet :
www.avahuis.fr

**A LIRE AVANT TOUT REGLEMENT**

Tout règlement effectué en notre Etude doit l'être par un moyen de paiement à l'ordre de la SCP AVALLE comportant les références ci-dessous.

**ACTE D'HUISSIER DE JUSTICE**

ORIGINAL
REFERENCES A RAPPELER
MD:51205

| COUT DE L'ACTE | |
|---|---|
| Emol. | 51,48 |
| SCT | 7,67 |
| H.T. | 59,15 |
| Tva 20% | 11,83 |
| Taxe | 14,89 |
| LR | 20,15 |
| T.T.C | 106,02 |

MD:51205                                   Acte : 109255

**SIGNIFICATION D'UN ACTE ETRANGER HORS C.E.E**

nature de l'acte : une SIG ORD REFERE

Pour :

**Ste AUTOMATTIC INC**
**132, Hawthorne Street**
**SAN FRANCISCO CA 94107**
**33160 FL SUNNY ISLES BEACH**
**ETATS UNIS D'AMERIQUE**

Cet acte a été adressé directement ce jour par lettre recommandée avec demande d'avis de réception à l'autorité compétente de l'Etat de destination pour signification à l'intéressé(e).

Conformément à l'article 686 du CPC, une copie certifiée conforme de l'acte, indiquant de manière très apparente qu'elle en constitue une simple copie, a été expédiée au destinataire par lettre recommandée avec demande d'avis de réception ce même jour ou au plus tard, le premier jour ouvrable suivant.

Article 647-1 du CPC : « La date de notification, y compris lorsqu'elle doit être faite dans un délai déterminé, d'un acte judiciaire ou extrajudiciaire en Polynésie française, dans les îles Wallis et Futuna, en Nouvelle Calédonie et dans les terres australes et antarctiques françaises, ainsi qu'à l'étranger est, à l'égard de celui qui y procède, la date d'expédition de l'acte par l'huissier de justice ou le greffe, ou, à défaut, la date de réception par le parquet compétent. »

Le présent acte est soumis à taxe fiscale comporte 12 feuilles sur la copie par copie.

Les mentions relatives à la signification sont visées par l'Huissier de Justice.



109255