Richard J. Mooney (CA State Bar No. 176486)
richard.mooney@rimonlaw.com
RIMON P.C.
One Embarcadero Center #400
San Francisco, CA 94111
Telephone: (415) 539-0443

Attorneys for Applicant Raphaël Darmon

**FILED**

JUL 13 2017

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CV 17 80 089 MISC



DMR

| | |
|---|---|
| *In re Ex Parte Application of* Raphaël Darmon, Applicant, <br><br> For an Order Pursuant to 28 U.S.C. § 1782 Granting Leave To Obtain Discovery from Automattic, Inc. for Use in Foreign Proceedings | CASE NO. _____ <br><br> Declaration of Moshe Hibel in Support of Ex Parte Application for an Order Pursuant to 28 U.S.C. § 1782 Granting Leave To Obtain Discovery for Use in Foreign Proceedings |

Filed via Fax prepared by
Nor Cal Courier and Legal Services
268 Bush St. #4043 San Francisco, CA 94104
415-850-9508

I, Moshe Hibel, declare as follows:

1. I am a partner at the law firm Hibel Dahan, with locations in Israel and France, and am authorized to practice law in Israel and appear before Israeli courts. I have significant experience litigating before Israeli courts, and am very familiar with the rules and procedures governing such litigation. I read and write English fluently and fully understand this Declaration. I make this Declaration based on personal knowledge, and if called as a witness I could and would testify competently to the following facts.

2. I am counsel to the applicant Raphaël Darmon in connection with an action (the "Israel Action") filed by him in the Magistrate's Court in Tel Aviv, Israel (the "Israel Court"). The Israel Court is a trial court of general jurisdiction. It conducts impartial adversarial proceedings, where all litigants have the right to be heard and present evidence, the right to legal representation, and the right to appeal.

3. The Israel Court has ordered the action referred to in the prior paragraph to be sealed, which may preclude the release of the name of the defendant or the case number.

4. The Israel Action is currently scheduled for trial in November 2017.

5. Under the rules governing the action in Israel, evidence obtained from Automattic under U.S. rules could be admitted in the Israel Action just like any other evidence, provided that it otherwise satisfies the requirements for admissibility. There is no reason to believe the Israel Court would object to the reception of evidence obtained from the United States. Evidence from third parties is generally admissible in the Israel Court, again provided that it otherwise satisfies the requirements for admissibility.

6. The evidence that Mr. Darmon seeks from Automattic is sought only for use in the Israel Action. It is very important to the Israel Action, as it is some of the best evidence of

1

Hibel Decl. ISO Application Pursuant to 28 U.S.C. § 1982
*In re Application of Raphaël Darmon* (Case No. _____)

who in fact authored the false, tortious, and damaging Wrongful Posts, particularly because the Defendant in the Israel action refuses to admit authoring them.

7. Automattic is not a party to the Israel Action, and there is no significant likelihood it ever will be a party to the Israel Action.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on July 12, 2017, in Tel Aviv, Israel.

Moshe Hibel