Richard J. Mooney (CA State Bar No. 176486)
richard.mooney@rimonlaw.com
RIMON P.C.
One Embarcadero Center #400
San Francisco, CA 94111
Telephone: (415) 539-0443

Attorneys for Applicant Raphaël Darmon

FILED
JUL 13 2017
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CV 17 80 089 MISC DMR

| | |
|---|---|
| *In re Ex Parte Application of* Raphaël Darmon, Applicant, | CASE NO. _____ <br><br> Declaration of Richard Mooney in Support of Ex Parte Application for an Order Pursuant to 28 U.S.C. § 1782 Granting Leave To Obtain Discovery for Use in Foreign Proceedings |
| For an Order Pursuant to 28 U.S.C. § 1782 Granting Leave To Obtain Discovery from Automattic, Inc. for Use in Foreign Proceedings | |

I, Richard Mooney, declare as follows:

1. I am a partner at Rimon PC, counsel to Applicant Raphaël Darmon in this action, and am admitted to practice in California and before this Court. I make this Declaration based on personal knowledge, and if called as a witness I could and would testify competently to the following facts.

2. Attached hereto as Exhibit A are true and correct copies of recent printouts from the websites of Automattic, Inc. ("Automattic") and the California Secretary of State, each confirming the location of Automattic's headquarters at 132 Hawthorne Street in San Francisco, California.

3. Before filing this application, I spoke on the telephone with outside counsel for Automattic, Molly Morton at the Procopio firm. She confirmed that Automattic did not intend to comply with the French court's order or otherwise provide the information sought by Mr. Darmon absent a subpoena or order from a United States court.

4. Although the French court also ordered Automattic to remove the "sh1t lawyers say" post, this application does not request that the Court recognize or enforce the French judgment or otherwise direct Automattic to remove the post. The application seeks only discovery of information for use in the Israel Action. Attached hereto as Exhibit B is a true and correct copy of the subpoena that Mr. Darmon requests be issued, which is limited to documents related to the authorship of the Automatic Posts and testimony sufficient to authenticate the documents produced in response to the subpoena, so that those documents may be used in the Israel Action.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on July 12, 2017, in San Francisco, California.

_____
Richard J. Mooney

1

Mooney Decl. ISO Application Pursuant to 28 U.S.C. § 1982
*In re Application of Raphaël Darmon* (Case No. _____)

# Exhibit A

1. Home    2. About Us    3. News    4. Work With Us

# Contact Us

For **WordPress.com support** requests and billing issues, please contact our 24/7 support team. Get support for Akismet, Cloudup, Gravatar, Jetpack, Longreads, Polldaddy, Simplenote, Simperium, VaultPress, WooCommerce, or WordPress.com VIP Hosting.

For **press inquiries** or to download a logo, visit our Press page.

For **complaints** (spam, abuse, legal, copyright, impersonation, slander, annoyance), please visit our Complaints page. If you believe material on any of our services infringes on your copyright(s), please see our DMCA page.

To report WordPress.com **security** issues, or security issues with any Automattic product, see our Security page.

To learn more about our **lounge in San Francisco** please visit the lounge page.

If none of those are a good fit you can contact our general mailbox below, and should hear back within a few weeks.

**YOUR NAME**  *Required*

**YOUR EMAIL**  *Required*

**URL OF YOUR SITE**

**WHAT'S THIS ABOUT?**  *Required*

**TELL ME SOMETHING**  *Required*

Send

Exhibit A

**Please do not use our voicemail, postal mail, or contact form for billing questions, support, or complaints.** Please use the support links listed above.

Our voicemail is (877) 273-3049.

If you want to mail us something, please send it to:

Automattic Inc.
132 Hawthorne Street
San Francisco, CA 94107
United States of America

CONTACT US    DIVERSITY    PRESS    PRIVACY POLICY

1. Home    2. About Us    3. News    4. Work With Us

© Automattic Inc., purveyors of fine blogging services since 2005. Thank you for your time.

**Alex Padilla**
**California Secretary of State**

 # Business Search - Entity Detail

The California Business Search is updated daily and reflects work processed through Wednesday, June 28, 2017. Please refer to document **Processing Times** for the received dates of filings currently being processed. The data provided is not a complete or certified record of an entity. Not all images are available online.

C2804985    AUTOMATTIC, INC.

| | |
|---|---|
| **Registration Date:** | 10/06/2005 |
| **Jurisdiction:** | DELAWARE |
| **Entity Type:** | FOREIGN STOCK |
| **Status:** | ACTIVE |
| **Agent for Service of Process:** | PAUL SIEMINSKI<br>132 HAWTHORNE ST<br>SAN FRANCISCO CA 94107 |
| **Entity Address:** | 132 HAWTHORNE ST<br>SAN FRANCISCO CA 94107 |
| **Entity Mailing Address:** | 132 HAWTHORNE ST<br>SAN FRANCISCO CA 94107 |

A Statement of Information is due EVERY year beginning five months before and through the end of October.

| Document Type | File Date | PDF |
|---|---|---|
| SI-NO CHANGE | 08/03/2015 | |
| SI-COMPLETE | 04/24/2013 | |
| REGISTRATION | 10/06/2005 | Image unavailable. Please request paper copy. |

* Indicates the information is not contained in the California Secretary of State's database.

- If the status of the corporation is "Surrender," the agent for service of process is automatically revoked. Please refer to California Corporations Code **section 2114** for information relating to service upon corporations that have surrendered.
- For information on checking or reserving a name, refer to **Name Availability**.
- If the image is not available online, for information on ordering a copy refer to **Information Requests**.
- For information on ordering certificates, status reports, certified copies of documents and copies of documents not currently available in the Business Search or to request a more extensive search for records, refer to **Information Requests**.
- For help with searching an entity name, refer to **Search Tips**.
- For descriptions of the various fields and status types, refer to **Frequently Asked Questions**.

Modify Search   New Search   Back to Search Results

# Exhibit B

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| In re Ex Parte Application of Raphael Darmon | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Automattic Inc.; 132 Hawthorne St.; San Francisco, CA 94107

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
See Attachment 1

| Place: Rimon PC; One Embarcadero Center #400; San Francisco, CA 94111 | Date and Time: 08/11/2017 10:00 am |
|---|---|

The deposition will be recorded by this method: court reporter (real-time transcription)

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:
See Attachment 2

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____                    _____
*Signature of Clerk or Deputy Clerk*                     *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Raphael Darmon
_____, who issues or requests this subpoena, are:
Richard Mooney; Rimon PC; One Embarcadero Ctr #400; San Francisco; richard.mooney@rimonlaw.com; 4155390443

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Exhibit B

<u>Attachment 1</u>

1.     The process of searching for and collecting the documents produced at the deposition pursuant to Attachment 2 hereto, an addition to potential search and collection methods not utilized.

2.     The authenticity and accuracy of the documents produced at the deposition pursuant to Attachment 2 hereto, including without limitation the methods by which the documents were created and maintained, as well as their status as business records kept in the ordinary course of business.

Attachment 2

1.      All documents that would establish or would assist in establishing the identity of the person(s) who have posted or otherwise accessed or interacted with the blog "sh1tlawyerssay.wordpress.com" or the blog "raphaeldarmon.wordpress.com" (or any other Automattic-related site, location, or URL) under the pseudonym "t4d32zi" or any related or other pseudonym, including without limitation username(s), given name(s), surname(s), email address(es), and affiliated IP address(es) along with the dates and times of posting or other access or interaction.

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____   on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).