UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE EX PARTE APPLICATION OF
RAPHAEL DARMON

Case No. 17-mc-80089-DMR

**ORDER GRANTING EX PARTE APPLICATION FOR ORDER TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS**

Re: Dkt. No. 1

Applicant Raphael Darmon ("Darmon") filed an ex parte application seeking permission to issue a subpoena pursuant to 28 U.S.C. § 1782 to obtain discovery for use in foreign proceedings. [Docket No. 1 (Appl.).] Having considered the papers and the relevant legal authority, the court grants the application.

**I.  BACKGROUND**

Darmon is a French attorney who resides and practices law in Paris, France. Darmon Decl. ¶ 2. Automattic Inc. ("Automattic") is a global company that provides web hosting and blogging services via the "Wordpress.com" website, among others. *See* https://automattic.com/about/ (last accessed on August 2, 2017).

Starting in 2012, an anonymous person published a series of posts about Darmon. Darmon claims that the posts included numerous false and defamatory statements of an extremely personal nature. Darmon Decl. ¶¶ 3-4. Two of these posts were published on the Wordpress.com website, which is operated by Automattic; one is located at http://sh1tlawyerssay.wordpress.com/2012/09/06raphaeldarmon-com-abuse-and-identity-theft/, and the other is located at http://raphaeldarmon.wordpress.com. Darmon Decl. ¶ 3. Darmon contends that these posts have seriously damaged his personal and professional reputation. Darmon Decl. ¶ 3.

Darmon believes that the author of these posts is a resident of Israel, and has filed an action in the Magistrate Court in Tel Aviv, Israel (the "Israeli action" or "Israeli court") regarding these posts. Darmon Decl. ¶ 4. The Israeli court has ordered these proceedings sealed; accordingly, Darmon and his counsel have not disclosed the case name or the defendant's name in this section 1782 application. Hibel Decl. ¶ 3; Darmon Decl. ¶ 4. The Israeli action is currently scheduled for trial in November 2017. Hibel Decl. ¶ 4.

Darmon contacted Automattic and requested that it remove the "sh1lt lawyers say" post. Darmon Decl. ¶ 5. Darmon also requested that Automattic provide information about the author(s) of the "sh1lt lawyers say" and the "raphaeldarmon.wordpress.com" posts. Darmon Decl. ¶ 5. Automattic refused to remove the post or provide the requested information. Darmon Decl. ¶ 5. As a result, Darmon filed an action against Automattic in the Tribunal de Grande Instance de Paris, alleging that Automattic's refusal to remove the "sh1lt lawyers say" post and to provide information regarding the author's identity violated his rights under Article 9 of the French Civil Code and Article 8 of the European Agreement for the Protection of Human Rights and Fundamental Freedoms (the "French action"). Darmon Decl. ¶ 6[1].

On January 24, 2017, the French court entered judgment against Automattic and ordered it to provide much of the same information Darmon seeks in his Section 1782, i.e., information identifying the author(s) of the offending posts, among other remedies. Darmon Decl. ¶ 7 & Ex. A (English translation of Interim Order in Register No. 17/50725). Automattic has not complied with that order and, according to Darmon's counsel, does not intend to comply with the order in the French action or provide the information requested by Darmon absent a subpoena or order from a United States court. Mooney Decl. ¶ 3.

Accordingly, Darmon has now filed this section 1782 application seeking discovery from Automattic for use only in the Israeli action[2]. The proposed subpoena requests that Automatic produce documents that would establish or would assist in establishing the identity of the

---

[1] Darmon did not include the "raphaeldarmon.wordpress.com" post in the French action because it was no longer publicly available at the time he filed suit. Darmon Decl. ¶ 6.

[2] Darmon expressly states that he is not asking the court to recognize or enforce the French judgment against Automattic in any way. Mooney Decl. ¶ 4.

2

person(s) who posted the http://sh1tlawyerssay.wordpress.com" and http://raphaeldarmon.wordpress.com blog posts, including the username(s), given name(s), surname(s), email address(es), and affiliated IP addresses, along with the dates and times of their posting. The proposed subpoena also seeks testimony sufficient to authenticate the documents so that they can be used in the Israeli action. *See* Mooney Decl. Ex. B. According to Darmon, this discovery is very important to the Israeli action because the defendant in the Israeli action denies authorship of these blogs, and discovery from Automattic is likely some of best evidence of the author's identity. Hibel Decl. ¶ 6.

## II. LEGAL STANDARD

Darmon seeks discovery pursuant to 28 U.S.C. § 1782, which states as follows:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made . . . upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court . . . . To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

28 U.S.C. § 1782(a). The purpose of section 1782 is "to provide federal-court assistance in the gathering of evidence for use in a foreign tribunal." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004); *see also Schmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376 F.3d 79, 84 (2d Cir. 2004) (noting that section 1782 has the "twin aims" of "providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts") (citation and quotations omitted).

A district court is authorized to grant a section 1782 application where (1) the person from whom the discovery is sought resides or is found in the district of the district court to which the application is made, (2) the discovery is for use in a proceeding before a "foreign or international tribunal," and (3) the application is made by the foreign or international tribunal or "any interested person." 28 U.S.C. § 1782(a); *see also Intel*, 542 U.S. at 246-47; *In re Republic of Ecuador*, No.

C-10-80255-CRB (EMC), 2010 WL 3702427, at *2 (N.D. Cal. Sept. 15, 2010).

"However, simply because a court has the authority under § 1782 to grant an application does not mean that it is required to do so." *In re Republic of Ecuador*, 2010 WL 3702427, at *2 (citing *Intel*, 542 U.S. at 264). The Supreme Court has identified several discretionary factors that a court should take into consideration in ruling on a Section 1782 request: (1) whether the "person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal court judicial assistance"; (3) whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 264-65.

## III. DISCUSSION

### A. Authority to Issue Subpoena

The court has reviewed Darmon's request and determines that he has satisfied the statutory requirements of section 1782. First, Automattic's headquarters are located in this district, in San Francisco, California. Mooney Decl., Ex. A. Second, the requested discovery is for use in proceedings before the Israeli court, which is a proceeding before a foreign tribunal. *See In re Application of RSM Prod. Corp. v. Noble Energy, Inc.*, 195 F. Supp. 3d 899, 902-04 (S.D. Tex. 2016) (granting section 1782 application for discovery in connection with a civil case pending in the Jerusalem District Court in the State of Israel). Finally, Darmon is the plaintiff in the Israeli action. Darmon Decl. ¶ 4. As a party, he is clearly an interested person. *See Intel Corp.*, 542 U.S. at 256 ("No doubt litigants are included among, and may be the most common example of, the 'interested person [s]' who may invoke § 1782[.]").

### B. Discretionary Factors

Having concluded that it has the authority to issue the subpoena, the court turns to the question of whether the discretionary factors identified by the Supreme Court weigh in favor of or against issuance of the subpoena.

With respect to the first discretionary factor, the Supreme Court has noted that "when the

4

person from whom discovery is sought is a participant in the foreign proceeding . . . , the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad. A foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence. In contrast, nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Intel*, 542 U.S. at 264 (internal quotations and citations omitted). Here, Automattic is not a party to the proceedings before the Israeli court and there is no significant likelihood that that it will ever become a party to the Israeli action; thus, this factor weighs in Darmon's favor. Hibel Decl. ¶ 7.

As to the second factor, the nature of the proceedings before the Israeli court appears to be similar to proceedings before federal and state courts of general jurisdiction in the United States. Specifically, the Israeli court is a trial court of general jurisdiction and conducts impartial adversarial proceedings in which the litigants have a right to be heard, to present evidence, to have legal representation, and to appeal. Hibel Decl. ¶ 2. Additionally, there is no reason to believe that the Israeli court would not be receptive to evidence obtained from the United States, provided that the evidence otherwise satisfies the requirements for admissibility under Israeli law. Hibel Decl. ¶ 5; *see also In re Application of RSM Prod. Corp.,* 195 F. Supp. 3d at 905 (the second factor weighed in favor of discovery because the "[t]he parties do not dispute that Israeli courts are generally receptive to § 1782 evidence").

With respect to the third discretionary factor, there is nothing to suggest that Darmon is trying to circumvent foreign proof-gathering restrictions or the policies of Israel or the United States. Evidence from third parties is generally admissible in Israeli courts provided that the evidence otherwise satisfies the requirements of admissibility under Israeli law. Hibel Decl. ¶ 5.

Finally, the discovery sought does not appear to be unduly burdensome and is appropriately tailored. The proposed subpoena requests documents that establish or would help to establish the identity of the author of the blog posts on Wordpress.com, as well as testimony sufficient to authenticate these documents. Mooney Decl., Ex. B; *see also In re Letter Rogatory-Request for Int'l Judicial Assistance From the Harju Country Court in Estonia Petition of Lyoness*

*Eesi OÜ*, No. 17-MC-80044-MEJ, 2017 WL 1436096, at *4 (N.D. Cal. Apr. 24, 2017) (granting § 1782 application to obtain discovery from Automattic; the proposed subpoena requested specific private user information for the purpose of obtaining the identities of the users who created and edited the web pages at issue); *In re Ex Parte Application of Jommi*, No. C 13-80212 CRB (EDL), 2013 WL 6058201, at *4 (N.D. Cal. Nov. 15, 2013) (granting section 1782 application to obtain discovery from Automattic; the proposed subpoena was "narrowly tailored to seek IP addresses and subscriber information likely to identify the author of the blog post and [did] not seek the content of the any communication").

These findings do not preclude Automatic from contesting the subpoena. *See In re Republic of Ecuador*, 2010 WL 3702427 at *2 & *5 (noting that ex parte applications under Section 1782 are "typically justified by the fact that the parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery" and to contest the subpoena "based on undue intrusion or burden or based on other grounds (*e.g.*, overbreadth)")(citations omitted). The Ninth Circuit has held that applications for subpoenas pursuant to section 1782 may be filed ex parte because "[t]he witnesses can . . . raise[ ] objections and exercise[ ] their due process rights by motions to quash the subpoenas." *In re Letters Rogatory from Tokyo Dist.*, 539 F.2d 1216, 1219 (9th Cir. 1976). Automattic shall therefore have 20 calendar days after the service of the subpoena to contest it. The return date on the subpoena must be set at least 20 days after service.

## IV. CONCLUSION

For the reasons described above, the court grants Darmon's ex parte application. Darmon may serve a finalized version of the subpoena attached as Exhibit B to the Mooney Declaration, which must include a return date at least 20 calendar days after service to allow Automattic to contest the subpoena if it desires.

**IT IS SO ORDERED.**

Dated: August 2, 2017

Donna M. Ryu
United States Magistrate Judge

6